IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CR-14-08-C |
| ) | |
| LAURA JEAN SHOULDERS, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion seeking early compassionate release. Defendant notes that she suffers from obesity, high blood pressure, arthritis, and skin cancer and that these conditions increase her risk of complication should she contract COVID-19. Plaintiff has filed a Response to the Motion and the matter is now at issue.

18 U.S.C. § 3582(c)(1)(A) imposes three criteria to be considered when addressing a request for compassionate relief: (1) filing requirements; (2) extraordinary and compelling reasons; and (3) that the reduction is consistent with the 18 U.S.C. § 3553 factors. Plaintiff agrees that Defendant has met the required step of exhausting administrative remedies.

Considering the second criteria – extraordinary and compelling reasons, the Court finds Defendant has failed to demonstrate that a sufficient reason exists for compassionate release. To be sure, Defendant's medical conditions of obesity and high blood pressure fall within those which increases her risk should she contract COVID-19. However, there are other factors which militate against finding extraordinary and

compelling reasons. First, Defendant has been fully vaccinated for COVID-19. As the Tenth Circuit recently noted, there is a growing consensus that either receiving or being offered and rejecting the COVID-19 vaccine weighs against finding extraordinary and compelling reasons. See United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021), petition for cert. filed Dec. 15, 2021. Additionally, prior to receiving the vaccine, Defendant contracted COVID-19 and fully recovered. As the Circuit noted in Hald, this fact weighs against finding extraordinary and compelling circumstances. Finally, the rate of infection at Defendant's place of incarceration is substantially lower than that in the general population. Plaintiff notes that at the time it submitted its brief there were only five cases at the facility where Plaintiff is incarcerated. This also weighs against a finding of extraordinary and compelling circumstances. Thus, Defendant's request fails the second step.

Finally, consideration of the 18 U.S.C. § 3553(a) factors demonstrates that Defendant is not entitled to relief. 18 U.S.C. § 3553(a)(2)(A), states: "the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" When considering this standard, the Court finds that the nature of Defendant's criminal conduct leading to her incarceration does not demonstrate that any reduction in her sentence to permit early release is warranted. Rather, completion of the sentence currently imposed is necessary to meet this sentencing goal. The Court finds that consideration of the § 3553(a) factors weighs against compassionate release.

For the reasons set forth herein, Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 36) is DENIED.

IT IS SO ORDERED this 12th day of July 2022.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge