# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-14-08-F |
| | ) |
| LAURA JEAN SHOULDERS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On May 21, 2014, defendant Laura Jean Shoulders was sentenced by the Honorable Robin J. Cauthron to a term of imprisonment of 324 months and a term of supervised release of 5 years for sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a). Doc. no. 31. Judgment was entered on May 22, 2014. Doc. no. 33.

On May 19, 2022, defendant filed a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). Doc. no. 36. Judge Cauthron denied the motion on July 12, 2022. Doc. no. 43.

On February 8, 2024, defendant filed a "Motion for Reconsideration 18 U.S.C. [§] 3742(e) Post-Sentencing Rehabilitation Programming" and "Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines: Based on U.S.S.G. § 4C1.1 Adjustment for Zero-Point Offenders [] [and] Based on U.S.S.G. § 4A1.1(d) & (e) Criminal History Category []." Doc. nos. 45 and 46. Upon the filing of the motions,

this criminal case was transferred to the undersigned in light of Judge Cauthron's transition into inactive senior status. Doc. no. 44.

As directed by the court, the government responded to both of defendant's motions. Doc. nos. 49 and 51. Upon review of the parties' submissions, the court makes its determination.

*18 U.S.C. § 3742(e) Motion*

In her motion, defendant requests a reduction of sentence pursuant to 18 U.S.C. § 3742(e) based upon her post-sentencing rehabilitation efforts. According to defendant, she has received "31 certificates, totaling 1756 hours" since her incarceration on May 21, 2014. Defendant cites Pepper v. United States, 562 U.S. 476 (2011), in support of her motion. However, in Pepper, the Supreme Court held that a district court may consider evidence of a defendant's post-sentencing rehabilitation "when a defendant's sentence has been set aside on appeal and [her] case remanded for resentencing[.]" *Id*. at 490-91. In this case, defendant's sentence has not been set aside by the Tenth Circuit Court of Appeals and remanded to this court for resentencing. Consequently, § 3742(e) and Pepper do not provide authority for the court to reduce defendant's sentence. As such, defendant is not eligible for a sentence reduction under § 3742(e), and the court finds defendant's motion, to the extent it seeks relief under § 3742(e), should be dismissed.

When defendant submitted her motion, the court clerk construed defendant's motion as motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The government argues that defendant's motion, to the extent it seeks compassionate release, should be dismissed because defendant has failed to demonstrate she exhausted her administrative remedies, or alternatively, should be denied because defendant has not shown extraordinary and compelling reasons for her release, and the record indicates she is a danger to the community.

To the extent defendant's motion should be construed as a motion for compassionate release, the court finds that the motion should be dismissed. Defendant has not demonstrated that she complied with the full exhaustion or 30-day lapse requirement specified in 18 U.S.C. § 3582(c)(1)(A). Although the statute's full exhaustion or 30-day lapse requirement is not jurisdictional, it is a mandatory claim-processing rule that the court must enforce when the government invokes it. *See*, United States v. Hemmelgarn, 15 F.4th 1027, 1030-31 (10th Cir. 2021); United States v. Gieswein, 2021 WL 4852420, at *2 n. 2 (10th Cir. Oct. 19, 2021) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)). And in this case, the government has invoked it. Therefore, defendant's motion, to the extent it should be construed as a motion for compassionate release, will be dismissed.

*18 U.S.C. § 3582(c)(2) Motion*

In her motion, defendant requests a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the United States Sentencing Guidelines.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C.§ 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 48), the court finds that defendant is eligible for a sentence reduction

under Amendment 821 (Part A). The amendment reduces defendant's status points to zero, resulting in a total criminal history score of three, instead of five. With a total criminal history score of three, defendant's criminal history category changes from III to II. And with a total offense level of 39 and a criminal history category of II, defendant's amended guideline range is 292 months to 365 months. This amended guideline range is less than defendant's original guideline range of 324 months to 360 months.

Although defendant is eligible for a sentence reduction, the court concludes that the § 3553(a) factors weigh against it. Relevant § 3553(a) factors include, but are not limited to, the nature and circumstance of defendant's offense and the history and characteristics of defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

Defendant is incarcerated because she committed a serious offense—sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a). According to the final presentence investigation report, an investigation in December of 2013 revealed that defendant used an innocent child, approximately 1 ½ to 3 years old, to engage in sexually explicit conduct for the purpose of producing three videos, which she provided to a male acquaintance, who later distributed them to another individual. The pornography videos were made while defendant was babysitting the child. Defendant was 45 years old at the time of her offense. For her offense, she was sentenced to 324 months of imprisonment.

Prior to her offense, defendant had prior state convictions including forgery, passing a bad check, and forged prescriptions.

While incarcerated, defendant has participated in various educational programs. However, she has been sanctioned for possession of an unauthorized item

(January 5, 2024), unauthorized physical contact (January 10, 2016), unauthorized physical contact (November 25, 2015), and mail abuse (October 15, 2014).  Doc. no. 48.

Defendant is currently 57 years old.  According to the Federal Bureau of Prisons inmate locator, defendant's projected release date is January 1, 2037.

After consideration of the above-stated relevant factors of § 3553(a), the court is not convinced that it should exercise its discretion to reduce the sentence previously imposed by Judge Cauthron.

*Conclusion*

For the reasons stated, defendant Laura Jean Shoulder's "Motion for Reconsideration 18 U.S.C. [§] 3742(e) Post-Sentencing Rehabilitation Programming" (doc. no. 45) is **DISMISSED**, and "Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines:  Based on U.S.S.G. § 4C1.1 Adjustment for Zero-Point Offenders [] [and] Based on U.S.S.G. § 4A1.1(d) & (e) Criminal History Category []" (doc. no. 46) is **DENIED**.

DATED this 5th day of March, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0008p002.docx